# FRANK C. BERTELMANN *v.* MARY N. LUCAS ET AL.

## No. 1462.

### SUGGESTIONS OF DISQUALIFICATION.

ARGUED DECEMBER 7, 1923.            DECIDED DECEMBER 12, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

JUDGES—*disqualification—acting as counsel.*

When the terms of the employment of an attorney by a client are such as to authorize and require the attorney, until revocation or modification of that employment, to institute all legal proceedings necessary to attain the end desired by the client and to defend all legal proceedings instituted by an opponent seeking to frustrate the accomplishment of that desired end, any and all legal proceedings brought whether in furtherance of or by way of frustrating the desired end, are within the meaning of section 84 of the Organic Act the case in which the attorney was originally of counsel.

OPINION OF THE COURT BY PERRY, J.

For the purpose of suggesting his possible disqualification in this case, the chief justice has filed a statement of facts reading as follows:

"In or about the month of January, 1917, L. L. Mc-Candless, one of the respondents in the above entitled matter retained declarant generally to establish, settle and protect all the right, title, interest and estate acquired by the complainant Frank C. Bertelmann, under the circumstances and due to the matters and things as alleged in paragraphs 1 to 16, both inclusive, of the amended bill of complaint herein, in and to the certain lands described in paragraph 30 of said amended bill, of which Christian Bertelmann, father of the said complainant, died seized, testate, together with the rents, issues and profits therefrom from the time of the expiration of the lease to the Kilauea Sugar Company to which

said lands were formerly subject, and at the same time the said L. L. McCandless did generally retain declarant to establish, settle and protect all the right, title, interest and estate acquired by him the said L. L. McCandless in and to said lands and the said rents, issues and profits thereof by reason of the certain agreement between himself and the complainant, Frank C. Bertelmann, and two of the other respondents, to-wit: John C. Lane and Noa W. Aluli, Esq., dated October 30, 1916, referred to in paragraph 17 of said amended bill, and the conveyance of the complainant and his wife to the said L. L. McCandless, John C. Lane and Noa W. Aluli, Esq., dated November 22, 1916, and referred to in paragraph 19 of said amended bill.

"That pursuant to and in compliance with said retainer declarant as the attorney for the said Frank C. Bertelmann and the said L. L. McCandless instituted in the circuit court of the fifth judicial circuit an action at law in ejectment for the restitution of the lands referred to in paragraph 21 of the complainant's amended bill, and for mesne profits during the period of their possession by the defendants, the record of which said action has been withdrawn by declarant from the files of the circuit court of the first circuit to which it was transferred upon agreement of the parties, and is filed herewith and made a part hereof to all intents and purposes as if fully incorporated herein."

For the same purpose Mr. Justice Perry has filed the following statement:

"Prior to the institution of the above entitled suit in equity an action of ejectment was brought by the same Frank C. Bertelmann, John C. Lane, Noa W. Aluli and L. L. McCandless against Mary N. Lucas and Charles Lucas, her husband, in the circuit court of the fifth judicial circuit of this Territory to try the title to the same lands which are involved in the above entitled suit. Prior to the institution of the aforesaid action of ejectment, I was engaged by the said Mary N. Lucas and Charles Lucas, her husband, as their attorney, to advise them with reference to the title to the said lands and

to act in their behalf in defending for them any pro-
ceedings that might be brought by the said Frank C.
Bertelmann relating to the title to the said lands.    In
pursuance of this engagement I was handed the papers
in the action at law upon its institution and acted as
attorney for the said Mary N. Lucas and Charles Lucas
in the said action at law from the time of its institution
until my appointment as associate justice of this court.
Both prior and subsequent to the institution of the
action at law I devoted much time and attention to the
study of all of the issues of law and fact which, as it
seemed to me, might arise in litigation concerning the
title aforesaid.    In that study were included some at
least of the issues arising in the above entitled suit in
equity."

The Organic Act in section 84 provides that no per-
son shall "sit as a judge in any case in which he has
been of counsel."    It may be noted in passing that, so
far as the reasons underlying the enactment of this
section are concerned, these two justices, in view of their
actual participation as counsel in the controversy as to
the title of the lands in question, are as thoroughly and
clearly disqualified in fact as any judge well could be.
But that, of course, is not of itself determinative of the
issue now before us.    That issue is whether, as a matter
of law, in view of the provision of the Organic Act, the
justices are disqualified.

In *Anderson* v. *Rawley, ante* p. 60, it was held that
"where a firm of attorneys is retained generally to repre-
sent the applicant upon an application made for a build-
ing permit * * * to which a protest has been filed, and
to secure the permit therein prayed, its employment in-
cludes the implied power to take any and all steps usually
and reasonably necessary to secure the desired permit
and when secured to oppose any steps that might be
taken within a reasonable time after its issuance to re-
voke it or nullify the privileges granted under it" and

that "where the protestor within a reasonable time after the issuance of the building permit institutes injunction proceedings . to prevent the exercise of the privileges granted under it upon the same grounds urged by her in support of her protest to the application such injunction proceeding is but a part of and a continuation of the original employment and within the meaning of section 84 of the Organic Act is the 'same case' in which the attorneys ·were originally 'of counsel' " and that "a member of said firm who prior to the institution of such injunction proceeding became a justice of this court is disqualified to sit upon any hearing involving the merits of said cause." In other words it was there held that when the terms of the employment of an attorney by a client are such as to authorize and require the attorney, until revocation or modification of that employment, to institute all legal proceedings necessary to attain the end desired by the client and to defend all legal proceedings instituted by an opponent seeking to frustrate the accomplishment of that desired end, any and all legal proceedings brought, whether in furtherance of or by way of frustrating the desired end are within the meaning of section 84 of the Organic Act the case in which the attorney was originally of counsel. The facts and circumstances of *Anderson* v. *Rawley, supra,* were in this respect very similar to those in the case at bar. It is apparent·from the statements filed and the justices hereby reiterate, possibly a little more explicitly, that the terms of their respective employments were such as to authorize and require them, although first rendering services in the action of ejectment, to appear and act for their clients in any other legal proceedings that might be deemed necessary in behalf of their respective clients, or that might be brought by their antagonists, respecting the land title then in controversy. Within the rule laid

down in *Anderson* v. *Rawley, supra,* a rule with which, although perhaps broader than that laid down in earlier Hawaiian cases, we are entirely satisfied, the case now at bar is the same case in which the two judges were of counsel. In our opinion both are disqualified to act in the case at bar.

Mr. Justice Lindsay before his appointment as a member of this court was directly and actively engaged as counsel in the above entitled cause. It is agreed by all parties to this suit in equity, and we are of the same opinion, that he is disqualified.

*N. D. Godbold* of the firm of Hathaway & Godbold; *E. M. Watson* of the firm of Watson & Lymer, and *C. F. Clemons* for petitioner.

*W. F. Frear* of the firm of Frear, Prosser, Anderson & Marx; *A. Withington* of the firm of Robertson & Castle; *U. E. Wild* of the firm of Smith & Wild; *E. A. Mott-Smith* and *N. W. Aluli* for respondents.